# CT Packing Slip



**FedEx Tracking # :** 780737230550
**Created By :** Suresh Haran
**Created On :** 05/29/2015 04:56 PM
**Recipient :**

**Bruce Peterson**
Title :
Customer : Royal Neighbors of America
Address : 230 16th St
Email :
Phone : Fax :

**Package Type :** Envelope
**Items shipped :** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 527205055 | 15CV0306 | ROYAL NEIGHBORS OF AMERICA |

RECEIVED IN LEGAL DEPT. JUN 0 2 2015

COPY

**CT Corporation**

**Service of Process Transmittal**
05/29/2015
CT Log Number 527205055

TO: Bruce Peterson
Royal Neighbors of America
230 16th St
Rock Island, IL 61201-8645

RECEIVED IN LEGAL DEPT. JUN 0 2 2015

COPY

RE: **Process Served in Wisconsin**

FOR: ROYAL NEIGHBORS OF AMERICA (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Bridget Radmer and Kimberly Radmer, Pltf. vs. Royal Neighbors of America, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Washington County Circuit Court, WI<br>Case # 15CV0306 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Madison, WI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/29/2015 at 13:10 |
| **JURISDICTION SERVED:** | Wisconsin |
| **APPEARANCE OR ANSWER DUE:** | Within 45 days of receipt |
| **ATTORNEY(S) / SENDER(S):** | Joseph J. Welcenbach<br>Welcenbach Law Offices, S.C.<br>933 North Mayfair Road<br>Suite 311<br>Milwaukww, WI 53226-2239<br>414-774-7330 |
| **REMARKS:** | Please note the process server underlined, circled, initialed and/or highlighted the entity name served prior to receipt by CT. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 780737230550 |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>8020 Excelsior Drive<br>Suite 200<br>Madison, WI 53717 |
| **TELEPHONE:** | 608-833-4821 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



HON. JAMES G. POUROS
BRANCH I

STATE OF WISCONSIN    CIRCUIT COURT    WASHINGTON COUNTY

**BRIDGET RADMER and
KIMBERLY RADMER**

        Plaintiffs,

Case No. '15 CV 0306
Code No. 30303

-vs-

**ROYAL NEIGHBORS OF AMERICA**
Registered agent:
CT Corporation system
8020 Excelsior Drive, Suite 200,
Madison, Wisconsin, 53717

        Defendant

FILED MAY -8 2015 WASHINGTON COUNTY CLERK OF COURT

5-29-15
1:40

## SUMMONS

THE STATE OF WISCONSIN

To each person named above as a Defendant:

You are hereby notified that the Plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within 45 days of receiving this Summons you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is Clerk of Courts, Washington County Courthouse, 420 East Washington St, P.O. Box 1986, West Bend, Wi 53095 and to Welcenbach Law Offices, S.C., Plaintiff's attorney, whose address is Suite 311, 933 North

Mayfair Road, Milwaukee, Wisconsin 53226. You may have an attorney help or represent you.

If you do not provide a proper answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure or property.

Dated at Milwaukee, Wisconsin, this 27 day of April, 2015.

                                WELCENBACH LAW OFFICES, S.C.
                                Attorneys for Plaintiffs

                                Joseph J. Welcenbach
                                State Bar No. 1015131

Welcenbach Law Offices
933 North Mayfair Road, Suite 311
Milwaukee, WI 53226-2239
Phone: (414) 774-7330
Facsimile: (414) 774-7670

**Of Counsel:**
Atty. Sara E. Snyder
Snyder Law, LLC
P. O. Box 1088
West Bend, WI 53095-1088

2

| STATE OF WISCONSIN | CIRCUIT COURT | WASHINGTON COUNTY |
|---|---|---|

BRIDGET RADMER and
KIMBERLY RADMER

      Plaintiffs,

-vs-

Case No. **'15 CV 0306**
Code No. 30303

FILED MAY -8 2015 WASHINGTON COUNTY CLERK OF COURT

**ROYAL NEIGHBORS OF AMERICA**
Registered agent:
CT Corporation system
8020 Excelsior Drive, Suite 200,
Madison, Wisconsin, 53717

      Defendant.

## COMPLAINT

NOW COMES the above-named Plaintiffs by and through their attorneys, WELCENBACH LAW OFFICES, S.C., by Attorney Joseph J. Welcenbach, and as and for a cause of action against the above-named defendant respectfully allege and show to the Court as follows:

1. The plaintiffs are adults and reside at 1505 N. Willey St., Morgantown, WV 26505.

2. The defendant, Royal Neighbors of America, is, upon information and belief, a foreign corporation licensed to do business in Wisconsin and whose registered agent for service is CT Corporation System 8020 Excelsior Drive, Suite 200, Madison, Wisconsin, 53717 and that said company does substantial business in Washington County.

## FACTUAL ALLEGATIONS

3. Bridget Radmer and Kimberly Radmer are the daughters of Irene M. Bramm.

4. Royal Neighbors of America holds itself out as an insurance company whose mission is "to support women and those they care about by offering opportunities that other companies don't."

5. Irene M. Bramm was a single woman, age 58, on August 6, 2013 and resided in Kewaskum, Wisconsin at all times material.

6. On August 6, 2013 Irene M. Bramm met with an agent of the defendant, Royal Neighbors of America, at her residence in Kewaskum and on said date submitted an application for a simplified issue of an individual life insurance policy to the Royal Neighbors of America for a face amount of insurance in the sum of $25,000.00. Exhibit A.

7. The application for insurance was filled out by the agent of Royal Neighbors of America and was signed by Irene M. Bramm.

8. Upon submitting the application for insurance, Irene M. Bramm indicated that she had a current policy of $10,000.00 in effect and that by securing the new policy with Royal Neighbors of America for $25,000, she was replacing her prior policy.

9. Irene M. Bramm's purpose in securing additional insurance was to make sure that there was enough money available to her daughters, the plaintiffs herein, to

2

pay for her funeral and burial, expenses of last illness and other expenses or debts that she had in existence upon her death.

10. On the very same day, August 6, 2013, the defendant medically approved her telephonically.

11. As part of the application process Irene M. Bramm authorized her medical providers to release and disclose her entire medical records to the defendant.

12. A certificate number 10263425 was subsequently issued to Irene M. Bramm confirming the agreement to issue a life insurance policy for $25,000.00.

13. Irene M. Bramm died on February 5, 2014 in Washington County. The immediate cause of death was a cerebral hemorrhage according to the death certificate marked as exhibit B.

14. The plaintiffs presented the fact of death of their mother to the defendant and made claim for the $25,000.00 life insurance benefits as the beneficiaries of said life insurance policy.

15. The defendant has failed and refused to pay the life insurance benefits to the beneficiary plaintiffs on the grounds that their mother, Irene M. Bramm lied on her application when she answered "no" to the following question:

> 6. During the past 24 months, has the proposed insured been diagnosed as having, or been treated for:
> a. Internal cancer, Melanoma, or Leukemia?

16. Irene M. Bramm had been diagnosed _more_ than 24 months prior to the application with lymphoma, which is a type of cancer.

17. Irene M. Bramm was not getting any treatment for this "internal cancer" at any time in the preceding 24 months.

3

18. The defendant has admitted and acknowledged that the medical records show that Irene Bramm had not started treated treatment for lymphoma at the time of the application for insurance.

19. The defendant has denied coverage on the basis that question number 6(a) was "not asking about an initial diagnosis, but asking if she had been diagnosed as having."

20. The defendant is the drafter of the application.

21. The deceased, Irene M. Bramm, had made her medical conditions known to the agent who filled out the application, and his direction was to answer question 6(a) "no" since she had not been diagnosed with lymphoma within the past 24 months, but rather more than 24 months ago.

22. Alternatively, even if said agent denies that he knew of her lymphoma at the time of the application, the deceased did in fact answer question 6(a) accurately in that she had not been diagnosed with cancer within the last 24 months.

## BREACH OF CONTRACT

23. The defendant has breached its contract to pay for life insurance benefits under the policy issued by said company.

## BAD FAITH

24. The defendant has a contractual duty to act in good faith and deal fairly with the plaintiffs and this duty is analogous to that of a fiduciary.

25. The defendant had, as part of its duty to act in good faith and fairly toward the plaintiffs, a duty to thoroughly investigate the claim and to review that investigation in light of known Wisconsin law relating to the contractual

4

provisions found in the policy, and in light of the application questions which the defendant itself had drafted.

26. The defendant failed to properly investigate, failed to give a reasonable evaluation and review of the results of the investigation and this, as such, was a reckless disregard on the part of the defendant to learn or determine that there was no reasonable basis to deny the plaintiffs' claim; that the defendant deliberately misinterpreted its own application form language which it itself had composed and in doing so used an improper standard in an effort to avoid paying this claim; that the plaintiffs' claim was neither debatable nor questionable, but was rather an attempt by the defendant to evade its responsibility to pay life insurance benefits due the plaintiffs.

27. The defendant acted in bad faith in the performance of its contractual duties and in its performance of its responsibilities.

28. The plaintiffs have been injured as follows:
    a. They have been unable to pay their mothers expenses as per her wishes;
    b. They have been unable to properly bury their mother;
    c. They have had to pay other expenses of her mother which were to be covered by the insurance policy Ms. Bramm had with Royal Neighbors.
    d. They have had to pay attorney fees in their effort to seek payment of the life insurance policy;
    e. They have suffered emotional distress;

5

Case 2:15-cv-00770-RTR   Filed 06/25/15   Page 9 of 16   Document 1-2

29. The defendant acted maliciously toward the plaintiffs or in an intentional disregard of the rights of the plaintiffs, Wis. Stat. § 895.043(3), and as such this is a proper case for punitive damages.

**WHEREFORE,** Plaintiffs demands judgment against the defendant for compensatory and punitive damages, interest on the contractual claim pursuant to § 628.46 together with costs, disbursements and actual and statutory attorney fees in this action.

Dated at Milwaukee, Wisconsin, this 27 day of April, 2015.

WELCENBACH LAW OFFICES, S.C.
Attorneys for Plaintiffs

Joseph J. Welcenbach
State Bar No. 1015131

Welcenbach Law Offices
933 North Mayfair Road, Suite 311
Milwaukee, WI 53226-2239
Phone: (414) 774-7330
Facsimile: (414) 774-7670

**Of Counsel:**
Atty. Sara E. Snyder
Snyder Law, LLC
P. O. Box 1088
West Bend, WI 53095-1088

6

CERT# 10263425

# Application for Simplified Issue Individual Whole Life Insurance
☒ Mail certificate to agent

**PART 1**

## SECTION 1 – Proposed Insured

Name: IRENE M. BRAMM
City: KEWASKUM
SSN/Tax ID: 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
Phone number: (262) 477-1050
☒ U.S. driver's license  ☐ Green Card  ☐ Passport
☐ Other
E-mail address: _____
Street: 202 TIMBLIN DR APT # 3
State: WI  ZIP: 53040
Marital status: ☐ S  ☐ M  ☐ W  ☒ D   Sex: ☐ M  ☒ F
DOB: 3-23-55  State/Country of birth: WI, USA
ID number: 13650-418-5603-09  ID issuer: WI DMV
ID issue date: 12-1-10  ID expiration date: 3-23-18

Are you a U.S. citizen? ☒ Yes ☐ No  If No, do you have a green card? ☐ Yes ☐ No  Permanent Resident ID # _____

## SECTION 2 – Other Insurance

**1. EXISTING or APPLIED FOR INSURANCE**
Does the Proposed Insured have any existing life insurance (L) or annuity (A) contracts with this or any other company: ☒ Yes ☐ No
IF YES, complete and submit state replacement forms, if required, with this application. Provide details:
Company: AMERICO   ☒ Life Insurance  ☐ Annuity  Amount: 10,000

**2. REPLACEMENT**
In connection with this application, has there been, or will there be, with this or any other company any: surrender transaction; loan; withdrawal; lapse; reduction or redirection of premium/consideration; or change transaction (except conversions) involving an annuity or other life insurance? ☒ Yes ☐ No
If Yes, complete and submit a replacement questionnaire AND any other state required replacement forms with this application.

## SECTION 3 – Proposed Owner or Payor other than Owner (If Applicable)

OWNER other than PROPOSED INSURED or ☐ PAYOR OTHER THAN OWNER (If applicable)
Name: _____
Street: _____
City: _____ State: _____ ZIP: _____
☐ U.S. driver's license  ☐ Green Card  ☐ Passport
☐ Other _____
ID number: _____  ID issuer: _____
ID issue date: _____  ID expiration date: _____
☐ Check if you wish ownership to revert to Insured upon Owner's death.*
SSN/Tax ID: _____
Phone number: (   ) _____  DOB: _____
Relationship to Proposed Insured: _____
E-mail address: _____
Are you a U.S. citizen? ☐ Yes ☐ No
If No, do you have a green card? ☐ Yes ☐ No
Permanent Resident ID # _____

* There may be tax consequences, please consult your tax advisor.

## SECTION 4 – Beneficiary(ies)

Multiple Beneficiaries will receive an equal percentage of proceeds unless otherwise instructed.

☒ PRIMARY (Percent of proceeds 50 %)
Name: BRIDGET RADNER
Street: 511 SOUTH OAK ST. #4
City: TOWNSEND  State: MT  ZIP: 59644
DOB: 11-9-83  SSN/Tax ID: _____
Relationship to Proposed Insured: DAUGHTER

☒ PRIMARY (Percent of proceeds 50 %)  ☐ CONTINGENT
Name: KIMBERLY RADNER
Street: 511 SOUTH OAK ST. #4
City: TOWNSEND  State: MT  ZIP: 59644
DOB: 8-28-81  SSN/Tax ID: _____
Relationship to Proposed Insured: DAUGHTER

## SECTION 5 – Information Regarding Insurance Applied for

**1. LIFE INSURANCE PLAN**
☒ Simplified Issue Whole Life  ☐ Graded Death Benefit
**3. FACE AMOUNT** $ 25,000

**2. RIDER**
☐ Accelerated Living Benefit Rider (no additional premium)
☐ Other _____
**4. AUTOMATIC PREMIUM LOAN will be provided.**
☐ No  Check if APL is NOT desired.

ICC 101726 Rev. 3-2010

EXHIBIT A

Page 1 of 6

## SECTION 6 – Payment Information

If Electronic Payment is chosen, complete Pre-Authorized Collection (PAC) form on page 4.

**1. PAYMENT MODE** *(Check one)*  
Direct bill: ❏ Annual ❏ Semi-Annual ❏ Quarterly  
Electronic payment: ❏ Annual ❏ Semi-Annual ❏ Quarterly ☒ Monthly ❏ Payment with app $_____  
☒ Draft first payment  Payment quoted $ **86.86**

**2. BILLING ADDRESS INFORMATION**  
❏ Proposed Insured's address ❏ Primary Owner's address

## PART 2

## SECTION 1 – Physician Information

Please provide name of doctor, practitioner, or health care facility who can provide the most complete and up-to-date information concerning the present health of the Proposed Insured. ❏ Check here if no doctor, practitioner, or health care facility is known.

Physician name/Clinic **DR. Robert Gibson**   City **West Bend**   State **WI**   ZIP **53095**  
Date last consulted **3/13**   Provide reasons for treatments and the results. **WELLNESS EXAM + UPDATE MEDS**  
List all currently prescribed medications, dosage, frequency, and diagnosis. **SEE ATTACHED**

## SECTION 2 – Medical Questions

1. Has the Proposed Insured used tobacco in any form in the last 12 months? ❏ Yes ☒ No

*If any answer to questions 2 through 7 is Yes, the Proposed Insured is not eligible for ANY coverage.*

2. Is the Proposed Insured currently:
   a. Hospitalized, in a nursing facility or receiving Hospice Care? ❏ Yes ☒ No
   b. Confined to a wheelchair, bed, or using oxygen equipment to assist in breathing? ❏ Yes ☒ No

3. Has a member of the medical profession ever diagnosed or treated the Proposed Insured for Acquired Immune Deficiency Syndrome (AIDS), AIDS Related Complex (ARC), or any immune deficiency disease; or has the Proposed Insured tested positive for the Human Immunodeficiency Virus (HIV)? ❏ Yes ☒ No

4. Has the Proposed Insured ever been diagnosed as having or been treated for:
   a. Congestive heart failure, or had or been recommended to have an organ transplant? ❏ Yes ☒ No
   b. Insulin shock, diabetic coma, amputation caused by disease, or taken insulin shots prior to age 50? ❏ Yes ☒ No

5. During the past 18 months has the Proposed Insured been diagnosed as having:
   a. Stroke, aneurysm, cardiomyopathy, or circulatory surgery? ❏ Yes ☒ No
   b. Angina (chest pain), heart attack or failure, or heart surgery? ❏ Yes ☒ No

6. During the past 24 months, has the Proposed Insured been diagnosed as having, or been treated for:
   a. Internal Cancer, Melanoma, or Leukemia? ❏ Yes ☒ No
   b. Dementia, Alzheimer's Disease, mental incapacity? ❏ Yes ☒ No
   c. Cirrhosis, liver disease, kidney failure (including dialysis), chronic kidney disease, or systemic lupus? ❏ Yes ☒ No

7. During the past 18 months, has the Proposed Insured been diagnosed as having:
   a. A condition expected to result in death within 12 months? ❏ Yes ☒ No
   b. Been advised by a medical professional to have any diagnostic testing which has not been completed or for which the results have not been received? ❏ Yes ☒ No
   c. Been recommended to have treatment or counseling for alcohol or drug abuse? ❏ Yes ☒ No

8. Prior to the age of 50 or during the past 36 months, has the Proposed Insured been diagnosed as having, or been hospitalized for:
   a. Stroke, angina (chest pain), heart attack, or cardiomyopathy? ❏ Yes ☒ No
   b. Heart or circulatory surgery (including pacemaker, heart valve replacement, by-pass, angioplasty, stent implant, or any procedure to improve circulation to the heart or brain)? ❏ Yes ☒ No

9. During the past 24 months, has the Proposed Insured been diagnosed as having, or been treated for:
   a. Emphysema or chronic obstructive pulmonary disease (COPD)? ❏ Yes ☒ No
   b. Neuromuscular disease (including Multiple Sclerosis, Lou Gehrig's Disease, Epilepsy, or Parkinson's Disease)? ❏ Yes ☒ No

## Taxpayer Identification Number Certification

Under penalties of perjury, I, the Proposed Owner, certify that:

The number shown in this application is my correct taxpayer identification number, and I am not subject to backup withholding because:  
a) I have not been notified by the IRS that I am subject to backup withholding as a result of a failure to report all interest or dividends; OR  
b) the IRS has notified me that I am not subject to backup withholding. *(If you have been notified by the IRS that you are currently subject to backup withholding because of under reporting interest or dividends on your tax return, you must cross out and initial this item.)*

I am a U.S. citizen or a U.S. resident alien for tax purposes. **Please note:** The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

Aug 07 13 11:00a  Ryan Kelly                                  # 10263425

### Agreement/Acknowledgement

**Agreement/Disclosure:** I have read this application for life insurance including any amendments and supplements and, to the best of my knowledge and belief, all statements are true and complete. I also agree that:

- My statements in this application and any amendment(s), paramedical/medical exam, and supplement(s) are the basis of any certificate issued and will be attached to and, along with the articles of incorporation and bylaws of Royal Neighbors of America (Royal Neighbors), become part of the new certificate.
- No information will be deemed to have been given to Royal Neighbors unless it is stated in this application and amendment(s), paramedical/medical exam, and any supplement(s).
- Only authorized officers of Royal Neighbors may: a) make or change any contract of insurance; b) make a binding promise about insurance; or c) change or waive any term of an application, receipt, or certificate.
- Corrections, additions, or changes to this application may be made by Royal Neighbors. Any such changes will be shown under "Corrections and Amendments." Acceptance of a certificate issued with such changes will constitute acceptance of the changes. No change will be made in classification (including age at issue), plan, amount, or benefits unless agreed to in writing by the Applicant.
- If not a current member, I, the Proposed Insured, hereby apply to become a member of Royal Neighbors as indicated by my signature on page 3. As a member, I agree to uphold the principles of Faith, Unselfishness, Courage, Endurance, and Humility upon which Royal Neighbors was founded more than 100 years ago.

### Authorization

I, the Proposed Insured, hereby authorize any licensed physician, medical practitioner, hospital, clinic, laboratory, pharmacy, pharmacy benefit manager, or other medical facility, insurance or reinsurance company, MIB, Inc., consumer reporting agency, division of motor vehicles, the veterans administration, or other government agency or department having information as to the diagnosis, treatment, or prognosis with respect to any physical or mental condition, or having any non-medical information, concerning me to release and disclose the entire medical record and any other protected health or other information concerning me within the past 10 years, without restriction, to Royal Neighbors of America (Royal Neighbors), its agents, employees, or representatives. I further authorize RNA, or its reinsurers, to make a brief report of my personal health information to MIB. This includes information on the treatment of alcohol, drug, and tobacco abuse, and psychiatric diagnosis and treatment. In order to facilitate the rapid transmission of such information, I authorize all the sources named above, except MIB, to give such information to any legal representative or agent employed by Royal Neighbors.

I understand that the protected information is to be disclosed under this authorization so that Royal Neighbors may underwrite my application for life insurance, determine my eligibility for insurance, risk rating, or certificate issuance determinations, administer claims and determine or fulfill responsibility for coverage and provision of benefits, administer coverage, and conduct other legally permissible activities that relate to any coverage I have applied for with Royal Neighbors. Any protected information obtained will not be released by Royal Neighbors to any person or organization EXCEPT to other divisions and/or departments of Royal Neighbors, MIB, other life/health insurance organizations or fraternal benefit societies with which I have insurance contracts or to whom I may apply for insurance or to whom a claim for benefits may be submitted, or other persons or organizations performing business or legal services in connection with my application, insurance certificate(s), or claim for benefits or as may be otherwise lawfully required or as I may further authorize.

I understand that this authorization shall remain in force for 24 months from the date signed if used in connection with an application for life insurance certificate, an application for reinstatement of a life insurance certificate, or a request for change in certificate benefits; or for the duration of a claim if used for the purpose of collecting information in connection with a claim for benefits under a certificate.

I understand and agree that a copy of this authorization is as valid as the original and that I or my authorized representative is entitled to receive a copy. I understand that this authorization may be revoked by me at any time in writing, and if I refuse to sign or if I subsequently revoke this authorization, Royal Neighbors may not be able to process this application, and if coverage has been issued, may not be able to process any benefit payments. I agree that Royal Neighbors shall be fully protected if it acts in reliance on this authorization prior to receiving notice of revocation at its Home Office or to the extent that Royal Neighbors has a legal right to contest a claim under an insurance contract. Any information that is disclosed pursuant to this authorization may be re-disclosed as provided herein or as required or authorized by law and may then no longer be covered by federal rules governing privacy and confidentiality of health information.

❏ Check here if a copy of this authorization is desired.

**Additional Information:**

**Corrections and Amendments** (For Home Office Use Only)

Except as may be provided under the Conditional Receipt on page 5 of this application, Royal Neighbors will have no liability under this application unless and until: a) it has been received and approved by Royal Neighbors at its Home Office; b) the certificate has been issued and delivered to the certificateowner; c) the first premium has been paid to and accepted by Royal Neighbors; and d) at the time of delivery and payment, the facts concerning the insurability of the Insured are as stated in this application.

**SIGNATURES:**

☞ Signed at city, state: KEWASKUM, WI    Date: 8/6/2013
Proposed Insured: _Jene M. Brannn_

☞ Signed at city, state: _____    Date: _____
Proposed Owner: _____
(If other than Proposed Insured) If the Owner is a firm or corporation, include Officer's title with signature.

ICC101720 Rev. 3-2010                                                           Page 3 of 6


*This receipt must be completed and given to every applicant for insurance.*

INSURING LIVES ○ SUPPORTING WOMEN ○ SERVING COMMUNITIES℠

**Royal Neighbors of America**
A Fraternal Benefit Society

# Conditional Receipt

Unless each and every condition specified in paragraph 1 below is fulfilled exactly, no insurance will become effective prior to delivery of the certificate of insurance. No agent of Royal Neighbors of America (*Royal Neighbors*) is authorized to alter or waive any of the conditions.

Received from __IRENE M BLAMM__ on (Date) __8/6/13__ the sum of ☐ $_____ / ☒ no money received with application $86.86 in connection with an application to Royal Neighbors for the following insurance certificate ("No money received" incudes all applications where the first premium is to be paid by preauthorized collection from payor's account. If this box is checked no insurance will be in effect until all conditions provided in the certificate of insurance and application have been fully complied with.):
Proposed Insured: __IRENE M. BLAMM__ Life Insurance Amount: $__25,000__ Plan: __SIWL__

1. All of the following conditions must be met before insurance may become effective prior to delivery of the certificate:
   a) The payment indicated above must be at least equal to one month's premium at the premium class applied for. Assuming all other conditions under this paragraph have been met, if Royal Neighbors, in accordance with its rules, would have issued the certificate under a different premium class than applied for, and the premium paid was less than the premium that would have been required for the issuance of a certificate at this new premium class, then the death benefit payable under the receipt shall be such as the premium paid would have purchased at the new premium class.
   b) All medical requirements required by Royal Neighbors must be completed and received at the Home Office of Royal Neighbors.
   c) As of the effective date, as defined below, the Proposed Insured must be a standard risk under rules and practices of Royal Neighbors for the plan and the amount of life insurance applied for, without change and at the rate of premium paid.
   d) As of the effective date, the state of health and all factors affecting the insurance of the Proposed Insured must be as stated in the application.
2. When each and every one of the conditions of paragraph 1 have been met, the insurance coverage, as provided by the terms and conditions of the certificate of life insurance applied for will begin as of the Effective Date. "Effective Date" as used herein, means the later of:
   a) the date of completion of the application; or
   b) the date of completion of all medical requirements required by Royal Neighbors.
3. If the conditions have been met and coverage begins, coverage under this receipt will terminate 60 days from the date of this receipt unless prior to that date the insurance certificate is issued and accepted.

**IMPORTANT INFORMATION:** If no check or money order is received with this application, then this conditional insurance does not provide coverage and no insurance will be in effect until all conditions provided in the certificate of insurance and application have been fully complied with.

☞ Signature of Agent Receiving the Payment __Ryan W Reilly__

☞ Signature of Proposed Insured __Irene M. Blamm__

I understand and agree to the terms, conditions, and limits of this receipt and the agreements in the application, all of which have been fully explained to me by the agent.

☞ Signature of Proposed Owner_____

**Royal Neighbors of America**
www.royalneighbors.org
Rock Island, Home Office
230 16th St., Rock Island, IL 61201
(800) 627-4762

ICC101720 Rev. 3-2010

# WISCONSIN CERTIFICATE OF VITAL RECORD

**STATE OF WISCONSIN**
**DEPARTMENT OF HEALTH SERVICES**
**ORIGINAL CERTIFICATE OF DEATH**
**FACT OF DEATH**

STATE FILE DATE: FEBRUARY 11, 2014
STATE FILE NUMBER: 2014004958

| Field | Value |
|---|---|
| 1. Decedent's Name | First: IRENE  Middle: MARY  Last: BRAMM |
| 2. Social Security Number | 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 |
| 3. Date Pronounced Dead | FEBRUARY 05, 2014 |
| 4. Time Pronounced Dead (24hr) | 11:36 |
| 5. Age | 58 YEARS |
| 6. Date of Birth | MARCH 23, 1955 |
| 7. Sex | FEMALE |
| 8. City, Village, or Township of Death | WAUWATOSA (CITY) |
| 9. County of Death | MILWAUKEE |
| 10. Place of Death | HOSPITAL-INPATIENT |
| 11. Facility Name and Address of Death | FROEDTERT MEMORIAL LUTHERAN HOSPITAL, 9200 W WISCONSIN AVE |
| 12. Residence Address | 202 TIMBLIN DRIVE UNIT 3 |
| 13. Residence City, Village, or Township | KEWASKUM (VILLAGE) |
| 14. Residence County | WASHINGTON |
| 15. Residence State | WISCONSIN |
| 16. Marital Status | DIVORCED |
| 17. WI Domestic Partnership | NO |
| 18. Surviving Spouse's Birth Name | |
| 19. State of Birth | WISCONSIN |
| 20. Decedent's Birth Last Name | BRAMM |
| 21. Father's Birth Name | ROYAL JOHN BRAMM |
| 22. Mother's Birth Name | RUTH ESTHER MCLAUGHLIN |
| 23. Informant's Name | KIMBERLY RADMER |
| 24. Informant's Mailing Address | 511 SOUTH OAK STREET UNIT 4, TOWNSEND, MT 59644 |
| 25. Name and Address of Funeral Facility | PHILLIP FUNERAL HOMES INC, 1420 PARADISE DRIVE, WEST BEND, WI 53095 |
| 26. Funeral Director's Name and Title | MICKELSON, CHRISTINE |
| 27. Date Signed | FEBRUARY 10, 2014 |
| 28. Manner of Death | NATURAL |
| 29. Type of Medical Certifier | PHYSICIAN |
| 30. Medical Certifier's Name and Title | KAIZ ASIF, MD |
| 31. Date Signed | FEBRUARY 07, 2014 |
| 32. Date of Death | FEBRUARY 05, 2014 |
| 33. Time of Death (24hr) | 11:36 |
| 34. Medical Certifier's Mailing Address | 9200 WEST WISCONSIN AVENUE, WAUWATOSA, WI 53226 |
| 35. Usual Occupation | HOME HEALTH AIDE |
| 36. Kind of Business/Industry | HOME HEALTH CARE SERVICES |
| 37. Ever in US Armed Forces | NO |
| 38. Decedent Tribal Member | NO |
| 39. Method of Disposition | CREMATION |
| 40. Place and Location of Disposition | FAMILY KEEPING, WEST BEND, WISCONSIN |

## EXTENDED FACT OF DEATH

41. PART I. The conditions listed are the diseases, injuries, or complications that caused death. Conditions leading to the immediate cause are listed sequentially and the underlying cause is listed last.

| | | Interval Between Onset and Death |
|---|---|---|
| Immediate Cause: (a) | CEREBELLAR HEMORRHAGE | HOURS |
| Due to or as a consequence of: (b) | | |
| Due to or as a consequence of: (c) | | |
| Due to or as a consequence of: (d) | | |

41. PART II. OTHER SIGNIFICANT CONDITIONS contributing to death but not resulting in the underlying cause given in Part I.

| Field | Value |
|---|---|
| 42. Autopsy Performed | NO |
| 43. Date of Injury | |
| 44. Time of Injury (24hr) | |
| 45. Injury at Work | |
| 46. Place of Injury | |
| 47. Location of Injury | |
| 48. County of Injury | |
| 49. If Injury Stated Anywhere in Cause of Death (Part I or Part II), Describe How It Occurred | |

NO AMENDMENTS PRESENT

COPY

1405222A

I certify that this document contains a true and correct reproduction of facts on file with the Wisconsin Vital Records Office.

Date Issued: FEBRUARY 11, 2014

*Sharon A. Martin*
SHARON A. MARTIN
WASHINGTON COUNTY REGISTER OF DEEDS

EXHIBIT B



FedEx Express shipping label

Extremely Urgent

Origin ID: KIPA
(214) 932-3601
Beatrice Casarez-Barrientez
CD Dallas SOP Team
1999 Bryan Street
Suite 900
Dallas, TX 75201

Ship Date: 29MAY15
ActWgt: 1.0 LB
CAD: 104579860/WSXI2800

Ref #
Invoice #
PO #
Dept #

SOP/1403403/527205055/Beatrice Casa

SHIP TO: (214) 932-3601         BILL SENDER
Bruce Peterson
Royal Neighbors of America
230 16th St
Rock Island, IL 61201

TUE - 02 JUN AA
** 2DAY **

61201
IL-US CID

TRK# 7807 3723 0550
0201

SX MLIA

537J3/C318/EE4B

