UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BRIDGET RADMER, and KIMBERLY RADMER,**

    Plaintiffs,

  -vs-                                      **Case No. 15-C-770**

**ROYAL NEIGHBORS OF AMERICA,**

    Defendant.

---

## DECISION AND ORDER

---

       The parties filed a stipulation and proposed protective order (ECF No. 13) for the Court's consideration. Federal Rule of Civil Procedure 26(c) allows the Court to enter a protective order for good cause shown. The Court must have sufficient facts to make an independent finding of good cause. *See Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (holding that even if the parties agree that a protective order should be entered, they still have the burden of showing that good cause exists for issuance of that order). To satisfy the good cause showing, the parties must make a particular and specific demonstration of fact; conclusory statements are not sufficient. *See Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16 (1981) (quoting 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2035 (1970)). Additionally, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943,

946 (7th Cir. 1999).

The parties stipulate that "the materials exchanged in the course of this litigation may contain confidential information including but not limited to trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information." The parties do not provide any facts indicating why the discovery materials in this action are likely to contain such information. Additionally, the phrase "including but not limited to" renders the category of proposed confidential documents overbroad. In other words, the parties have not described a "properly demarcated category of information." Thus, in its present form the Court may not approve the proposed protective order. The parties may file a revised proposed protective order and any additional materials they deem necessary to comply with the requirements outlined by this decision.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The parties' request for a protective order (ECF No. 13) is **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 1st day of March, 2016.

> **BY THE COURT:**
>
> _____
> **HON. RUDOLPH T. RANDA**
> **U.S. District Judge**